UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAWRENCE CHANDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:20CV85 |
| | ) |
| KOHL'S DEPARTMENT STORES, INC. | ) |
| d/b/a KOHL'S, and GERALD SMITH, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion to remand, filed by the Plaintiff, Lawrence Chandler ("Chandler") on March 19, 2020. Defendants, Kohl's Department Stores, Inc. d/b/a Kohl's ("Kohl's") and Gerald Smith ("Smith"), filed their response on April 16, 2020, to which Chandler replied on April 23, 2020.

For the following reasons, the motion to remand will be granted.

Discussion

Chandler filed his Complaint against Kohl's and Smith on January 8, 2020 in the Allen County Superior Court. *Complaint for Damages* [ECF No. 1-2]. Chandler alleged that he was on the premises of Kohl's store #0679, located at 10310 Maysville Road, Fort Wayne, Indiana, on February 4, 2018 when he slipped and fell on the wet floor. *Id*. at Count I, ¶ 1. In his Complaint, Chandler alleges that the negligence of Kohl's caused the subject slip and fall, and he seeks various items of personal injury damages as a result thereof. *Id*. at Count I, ¶¶2, 5-6. Plaintiff also claims that Kohl's and Store Manager Smith were negligent in "failing to properly inspect, maintain, and keep its property in a safe condition and warn of the danger." *Id.*

at Count I, ¶ 2. Plaintiff further claims that Smith is liable for "negligently hiring and failing to properly train and oversee employees" in his capacity as the Kohl's' Store Manager. *Id*. at Count I, ¶ 3.

On February 21, 2020, Kohl's and Smith petitioned to remove this action to the United States District Court for the Northern District of Indiana, Fort Wayne Division, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 [ECF No. 1]. In their Petition, Kohl's and Smith asserted that Kohl's is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of Wisconsin. *Id*. at ¶ 3. Defendants further asserted that while Smith was a non-diverse defendant, his residency status was not an impediment to removal of this action under the doctrine of fraudulent joinder, citing *Conk v. Richards & O'Neil, LLP*, 77 F.Supp.2d 956 (S.D. Ind. 1999). Specifically, Defendants argue that Smith was not even working at the time of the incident, such that his actions could not have created or prevented the subject slip-and-fall, and any claims to the contrary were made merely in an effort to destroy diversity of citizenship and prevent removal under 28 U.S.C. § 1332.

The defendant bears a "heavy burden" to establish a claim of fraudulent joinder. *Gross v. FCA US LLC*, 2017 WL 6065234, at *5 (N.D. Ill. Dec. 7, 2017). "Under the doctrine of fraudulent joinder, an out-of-state defendant's right of removal premised on diversity jurisdiction cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success." *Land v. Int'l Bus. Machines Corp*., 108 F. Supp. 3d 632, 636 (S.D. Ind. 2015). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323,

327 (7th Cir. 1993).

"To establish fraudulent joinder, a removing defendant "must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The defendant bears the burden of showing that the plaintiff cannot establish a cause of action that would defeat diversity. *Id.* The ultimate question before the court is whether there is any reasonable possibility that a state court would rule against the non-diverse defendant. *Regency Commercial Associates LLC v. Action 49 Junction I, LLC*, 2017 WL 5287168, at *3 (S.D. Ind. Nov. 13, 2017). Any questions or uncertainties regarding the controlling substantive law must be resolved in favor of the plaintiff. *See, Antonio v. Wal-Mart*, 2007 WL 2884371, at *7 (S.D. Ind. Sept. 27, 2007); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992); *Guevara v. Wal-Mart Stores, Inc.*, 2007 WL 397490, at *3 (S.D. Tex. Feb. 1, 2007).

This Court previously examined a claim of fraudulent joinder by the naming of a store manager in *Perry v. Higgins-Ballas, et al.*, 2018 WL 3158510 (N.D. Ind. June 27, 2018). In that case, this Court found that the naming of the manager did not meet the standard for fraudulent joinder and specifically noted that "the district courts in this Circuit that have considered whether a store manager may be held individually liable have all found Indiana law too unsettled to grant a defendant's motion to dismiss the manager for fraudulent joinder—and have remanded the cases back to state court." *Id*. at *3, citing *Springer v. Wal-Mart Corp. Office*, 2010 WL 3275521, at *1 (N.D. Ind. Aug. 17, 2010); *Butler v. Kohl's Dep't Stores, Inc.*, 2008 WL 1836684, at *3 (S.D. Ind. Apr. 23, 2008); *Antonio v. Wal-Mart*, 2007 WL 2884371, at *7 (S.D. Ind. Sept.

3

27, 2007). Likewise, in *Pickering v. Menard*, the court examined the previous district court decisions on fraudulent joinder of a manager and again found:

> On the basis of the persuasive, on-point authority identified by the Pickerings, and in light of Defendants' failure to identify any authority suggesting that Indiana law would not entertain the Pickerings' claims against Mr. Streetman, the Court concludes that Defendants have failed to meet their "heavy burden" of demonstrating there is no reasonable possibility that the Pickerings could prevail.

*Pickering v. Menard, Inc.*, 2018 WL 3126020, at *4 (S.D. Ind. June 26, 2018).

As noted in *Perry* and *Pickering*, prior cases in the Seventh Circuit dealing with this same issue have established that the naming of a manager does not constitute fraudulent joinder. For example, in *Antonio v. Wal-Mart*, 2007 WL 2884371 (S.D. Ind. Sept. 27, 2007), Wal-Mart argued, as the Defendants do in this case, that its manager was fraudulently joined to the action; however, the Court in *Antonio* found that Wal-Mart's manager was not fraudulently joined and remanded the case to Indiana state court. *See also Butler v. Kohl's Dep't Stores, Inc.*, 2008 WL 1836684, at *2 (S.D. Ind. Apr. 23, 2008) (adopting the reasoning of *Antonio*); *Springer v. Wal-Mart Corp. Office*, 2010 WL 3275521, at *1 (N.D. Ind. Aug. 17, 2010) (remanding to Indiana state court because Indiana law was inconclusive on the issue of a store manager's liability); and *Knebel v. Wal-Mart Stores, Inc.*, 2009 WL 3124769, at *3 (S.D. Ill. Sept. 24, 2009) (noting Illinois law, like Indiana law, was unsettled on the issue and remand was appropriate).

As noted above, any questions or uncertainties regarding the controlling substantive law must be resolved in favor of the plaintiff. Chandler argues that whether a manager may be held personally liable for negligence in the performance of his or her job duties is an unsettled area of law in Indiana. *See Antonio*, 2007 WL 2884371 at *4. Indiana law has long established that an employer's liability does not absolve a negligent employee from personal liability; instead, a

4

claim may be brought individually against either the employee or the employer or jointly against both. *Biel, Inc. v. Kirsch*, 153 N.E.2d 140, 143 (Ind. Ct. App. 1958). Previous holdings by the Indiana Supreme Court show that a corporate officer may be personally liable for torts in which he or she has participated, authorized, or directed. *State, Civil Rights Comm'n v. Cty. Line Park, Inc.*, 738 N.E.2d 1044, 1050(Ind. 2000). However, as noted in *Antonio*, "the question of what constitutes participation in, authorization of, or direction of a tort is still subject to some interpretation." *Antonio v. Wal-Mart*, 2007 WL 2884371 at *4.

The Court in *Antonio* concluded that the Wal-Mart store manager may be held liable, and thus was not fraudulently joined, based upon this uncertainty in Indiana law:

> For the purposes of deciding if removal was proper, it is enough to note that Indiana law is unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager, based on a delegation of the premise owner's duties toward invitees. It is not clear that the Antonios' claim cannot succeed. For this reason, removal under the doctrine of fraudulent joinder was improper and remand is appropriate.

*Antonio v. Wal-Mart*, 2007 WL 2884371, at *7 (S.D. Ind. Sept. 27, 2007). Other jurisdictions have examined this issue and noted similar uncertainties existed in those jurisdictions that mandated remand. *See, e.g., Guevara v. Wal-Mart Stores, Inc.*, 2007 WL 397490, at *3 (S.D. Tex. Feb. 1, 2007) ("the plaintiff had a reasonable possibility of recovering against the store manager and remand was required."); *Cook v. Lowe's Home Centers, Inc.*, 2006 WL 3098773, at *4 (D.S.C. Oct. 30, 2006) ("the fact that a store manager by virtue of his position has a high level of control over the store, that the store manager in the case at bar is not a sham defendant").

Chandler contends that each of the allegations in his Complaint is a recognized, actionable theory of negligence that alleges breach of a recognized duty, causation, and damages

resulting therefrom. Chandler notes that even if an Indiana court may ultimately determine that Smith did not owe or breach a duty to the Plaintiff, such an inquiry is immaterial for purposes of the fraudulent joinder inquiry; instead, the issue is whether there is a possibility that an Indiana court could recognize such a duty and find a breach. Chandler concludes that Indiana law does not prohibit his claims against Smith, which alone is sufficient to warrant remand so that an Indiana state court may reach a conclusion on this issue of Indiana law.

In response, Defendants point out that, as this Court recently held, a removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a non-diverse defendant. *Gunkel v. Crysler and Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 27418 at 5-6 (N.D. Ind. 2020). That evidence may come in the form of an uncontroverted affidavit demonstrating that the nondiverse defendant had "absolutely nothing to do with" the claims raised by the plaintiff, which would be sufficient to support removal. *Id*. at 6, citing *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992). Defendants have submitted Smith's affidavit in support of their response.

Defendants state that they are fully aware that the "Indiana law is unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager, based on a delegation of the premise owner's duties toward invitees…" *Antonio v. Wal-Mart*, 2007 U.S. Dist. LEXIS 61166, *16. However, Defendants contend that the issue is otherwise addressed in Indiana law that a corporate officer, stockholder, director, agent, or employee is not personally liable for the alleged torts of the corporation merely because of his office – the law requires some additional connection with the tort. See also *Greg Allen Const. Co., Inc. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003); *State Civil Rights Com'n v. County Line Park, Inc.*, 738 N.E.2d 1044, 1050

6

(Ind. 2000); *Hanson v. St. Luke's United Methodist Church*, 682 N.E.2d 1314 (Ind. Ct. App. 1997); *Bowling v. Holdeman*, 413 N.E.2d 1010 (Ind. Ct. App. 1980).

Defendants note that Chandler's claims against Smith sound in negligence. In order to prove negligence, Plaintiffs must show Smith had "(1) a duty imposed by law to do or not do a certain act(s); (2) a violation of that duty by an act or omission constituting a breach of that duty; and (3) injury caused by such breach of duty." *Perry v. NIPSCO*, 433 N.E.2d 44, 49 (Ind. 1982). In describing the duty of care owed by premises owners to invitees, Indiana courts have held that owner may be held liable if the owner (1) knew that the condition existed and realized that it represented an unreasonable danger to the invitee, or should have discovered the condition and its danger; (2) should have expected that the invitee would not discover or realize the danger of the condition, or would fail to protect herself against it; and (3) failed to use reasonable care to protect the invitee against the danger. *Burrell v. Meads*, 569 N.E.2d 637, 641 (Ind. 1991) *adopting* The Restatement (Second) of Torts, §343 (1965).

However, negligence cannot be inferred from the mere fact of an accident *Northern Indiana Public Service Co. v. Stokes*, 493 N.E.2d 175, 179 (Ind. Ct. App. 1986). A plaintiff can recover in negligence only if he establishes that the defendant breached a duty owed to the plaintiff that was the proximate cause of the plaintiff's injuries. *Id*. Since an invitor is not the insurer of the invitee's safety, before liability may be imposed, the invitor must be shown to have actual or constructive knowledge of the danger. *Schultz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. App. 2012).

Defendants argue that, based on the above, there is no reasonable possibility that an Indiana Court would find Smith to be personally liable to Chandler's negligence claim.

Defendants reiterate that Smith was not the owner of the premises, nor can he be said to have extended an invitation to Chandler to shop at the Kohl's store. Defendants also point out that there is no indication in the pleadings that there was a personal relationship between Smith and Chandler existing outside of any business relationship between Kohl's and Chandler which may have given rise to a tort implicating Smith's own conduct.

Defendants further point out that Smith was not present at Kohl's at the time of the incident alleged by Chandler in his Complaint. Therefore, he was not the "manager on duty," and could not be charged with actual or constructive knowledge of any wet floor, warn any invitees of any associated danger, or have been negligent in inspecting, maintaining, and keeping the floors of the Kohl's store in a safe condition. Defendants argue that Smith could not have been supervising or directing any action on the part of the manager on duty, or any other employee at that time. Nor was Smith involved in the training of the manager on duty, who received her initial substantive training at another Kohl's location, and subsequent further training conducted by Kohl Department Stores, Inc. on an annual basis by means of e-learning.

Defendants further contend that Smith cannot be held liable for any negligent hiring or retention of any employee that was actually present at the time of the subject incident. Defendants rely on *Gunkel*, supra at 12:

> Although Indiana recognizes the tort of negligent hiring and retention of an employee, it is claim that can only be asserted against the employer. *See Frye v. Am. Painting Co.,* 642 N.E.2d 995, 998 (Ind. Ct. App. 1994) (noting that Indiana has adopted the Restatement (Second) of Torts § 317 for application to such cases). The Restatement expressly refers to the duty owed by the "master" as it relates to his control over "his servant." *Id*. Moreover, the tort only applies when the employee "steps beyond the recognized scope of his employment to commit a tortious injury upon a third party." *Tindall v. Enderle*, 162 Ind. App. 524, 320 N.E. 2d 764, 767-68 (Ind. Ct. App. 1974). "[T]he proper vehicle for a direct action

8

>aimed at recovering the damages resulting from a specific act of negligence committed by an employee within the scope of his employment" is the doctrine of respondeat superior. *Id.* at 768.

Relying on *Gunkel*, Defendants assert that any claim that Smith was negligent in hiring or retaining the manager on duty, or any other employee present at the time of the incident must be properly be asserted against Kohl's rather than against Smith personally.

However, as Chandler points out, Smith's presence at the store is immaterial to Chandler's claims. Chandler has not alleged that Smith was the manager on duty at the time of the incident, nor does Chandler claim that Smith's presence (or lack thereof) at the store forms a basis for his claims. Rather, Chandler has alleged liability based on Smith's negligence in the performance of his duties. The allegations of negligence against Smith are that he failed to properly inspect and maintain the property in a safe condition, failed to warn of the danger, and failed to properly hire, train, and oversee employees. Smith was the Store Manager of the store on the date of the Chandler's fall. Chandler contends that even if Smith was not present on the date of the Chandler's fall, he is nonetheless a proper party defendant because liability may be imposed based upon Kohl's delegation of its duties to Smith. In *Antonio v. Wal-Mart*, the court noted that the store manager "may be held liable if [store] gave her the responsibility and authority to ensure the safety of its premises." 2007 WL 2884371, at *7 (S.D. Ind. Sept. 27, 2007). The fact that Indiana law is unclear regarding the nature and extent of such liability was sufficient to warrant remand in that case. *Id*.

Chandler thus concludes that Smith may be held liable under Indiana law, regardless of his actual presence at the store, if Kohl's delegated any of its duties or responsibilities to him or if, even though Kohl's agent, he exercised control over the premises. *Perry v. Higgins-Ballas*,

9

2018 WL 3158510, at *2 (N.D. Ind. June 27, 2018), citing *Marshall v. Erie Ins. Exch.*, 930 N.E.2d 628 (Ind. Ct. App. 2010). Despite significant discussion in *Antonio* and subsequent cases regarding potential liability based upon delegation of duties, the Defendants do not address that issue either in their Response or in Smith's Affidavit.

The Defendants also do not attempt to distinguish the line of cases contrary to their position. *See Antonio* (supra), *Butler v. Kohl's Dep't Stores, Inc.*, 2008 WL 1836684 (S.D. Ind. Apr. 23, 2008); *Knebel v. Wal-Mart Stores, Inc.*, 2009 WL 3124769, at *2 (S.D. Ill. Sept. 24, 2009); *Springer v. Wal-Mart Corp. Office*, 2010 WL 3275521 (N.D. Ind. Aug. 17, 2010); *Perry* (supra); and *Pickering v. Menard, Inc.*, 2018 WL 3126020, at *3 (S.D. Ind. June 26, 2018). Instead, they simply ignore those cases in favor of the sole case identified in this circuit dismissing a store manager under these circumstances, *Gunkel v. Crysler*, 2020 WL 820881 (N.D. Ind. Feb. 18, 2020).

However, the recent decision in *Gunkel* did not address what effect the defendant store's delegation of its duties would have on the plaintiff's claims against the store manager, nor did the opinion distinguish that case from *Antonio*, et al. The court found no basis for the plaintiff's claim of negligent inspection, warning, and maintenance because the defendant store possessed the land. However, possession is not the sole determinant to establish duty; the primary concern is who controlled the premises. *Yates v. Johnson Cty. Bd. of Comm'rs*, 888 N.E.2d 842, 847 (Ind. Ct. App. 2008). *Gunkel*, unlike the prior decisions in this circuit, did not address whether the defendant store's delegation of control to the store manager could create a duty toward invitees, even if that duty was normally held by the store itself. *See Perry*, 2018 WL 3158510 at *2 ("Therefore, it is possible that [store manager] could be liable on the basis that [store] relied on a

10

promise she made to maintain the safety of its store").

As in the present case, the store manager's affidavit in *Gunkel* alleged that he did not initially train the manager on duty at the time of the plaintiff's injury. The *Gunkel* decision made no mention of the potential delegation to the store manager of the defendant store's duty to train and instead stated that any duty the store manager may have had was owed to the store, not the plaintiff. In this case, regardless of initial or ongoing training, Smith may have had a delegated duty to ensure such training was implemented and correctly followed. *See Knebel*, 2009 WL 3124769 at *3. Likewise, *Gunkel* found that claims of negligent hiring and retention may only be asserted against an employer, but did not discuss the effect of the defendant store's potential delegation of those duties to its store manager as to each employee. Here, the Plaintiff's claims of negligent hiring and retention are not limited to the manager on duty, as the Defendants seem to indicate, and instead extend to all employees over which Smith had been delegated control.

The issue of delegation of duty was perhaps the most important factor in every other case prior to *Gunkel* and warrants consideration. By their own admission, the "Defendants are fully aware that the Indiana law is unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager, based on a delegation of the premise owner's duties toward invitees." Dkt. 17, p. 5. Despite that knowledge, the Defendants completely ignore any discussion of the delegation of authority from Kohl's to Smith, instead asking this Court to ignore that issue and effectively create a blanket rule that Indiana law will not recognize a claim against a store manager on that basis, even though there has been no change in Indiana law settling that issue.

Clearly, this court need not conclusively determine whether the Plaintiff has a viable claim against Smith. *Antonio*, 2007 WL 2884371 at *7. For the purposes of deciding if removal was proper, it is enough to note that Indiana law is unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager, based on a delegation of the premise owner's duties toward invitees. *Id.* In the present case it is not clear that Chandler's claims cannot succeed. *Id.* For this reason, removal under the doctrine of fraudulent joinder was improper and remand is appropriate. *Id.*

## Conclusion

Based on the foregoing, Chandler's motion to remand is hereby GRANTED. This case is hereby REMANDED to the Allen County Superior Court.

Entered: May 6, 2020.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court
